United States Courts
Southern District of Texas
**F I L E D**

MAR 29 2021

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Michael William Davis Jr. §<br>Plaintiff § §<br>§ CIVIL ACTION NO _____<br>Versus §<br>§<br>Montgomery County §<br>Defendants § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Pro se Plaintiff, Michael William Davis Jr; brings this action against the Montgomery County under the 42 U.S. Code 1983 Civil actions for deprivation of rights.

Plaintiff has the right to file this case in this court as the acts occurred in Montgomery County

Plaintiff requests a Jury Trial.

## STATEMENT OF CLAUSE

A. a physical or mental impairment that substantially limits one or more of the major life activities of (an) individual;

B. a record of such impairment; or

C. being regarded as having such impairment in general major life activities included, but are not limited to caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, squatting, breathing, learning, reading, concentrating, thinking, communicating, and working.

D. an impairment that is episode or in remission is a disability if it would substantially limit a major life activity when active.

E. the determination of whether an impairment substantially limits a major life activity shall be made without regards to the ameliorative effects of mitigating measures such as –

1. medication, medical supplies, equipment, or appliances, low vision

Page 1

devices (which do not include ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing aide and cochlear implants or other implantable hearing devices, mobility devices, or oxygen therapy equipment and supplies.

2. use of assistive technology;

3. reasonable accommodations or auxiliary aids or services; or

4. learned behavioral or adaptive neurological modifications.

Prisoners with disabilities or handicaps are protected by the constitution and by federal statutes, state and local statutes and prison regulations may also provide some protections for disabled prisoners.

## BACKGROUND AND FACTS

Plaintiff's disabilities are from a car wreck that happened on February 29, 2020 and was released from the hospital on March 1, 2020. Dr. Ather Siddigi prescribed Plaintiff with a walker and a fracture foot boot. Plaintiff had hip surgery on the left side and has a chronic deformity and in the right ankle Plaintiff has a rod and screws preventing Plaintiff from putting weight on either side therefore Plaintiff must have the walker and the fracture foot boot. On or around May 6, 2020 Plaintiff was incarcerated in Montgomery County Jail in Conroe, Texas. Montgomery County Jail has denied Plaintiff physical therapy for rehabilitation. Plaintiff has been denied the right to be in the Medical POD. Plaintiff is being denied the use of the walker and the fracture foot boot. Plaintiff is being housed with inmates without disabilities and Plaintiff is being denied the use of the Handicap shower facility and being denied to be move into Medical POD. Plaintiff is being denied a shower chair. Montgomery County Jail is denying Plaintiff to properly take care of personal hygiene. Plaintiff has to shower in a stand up shower that has a foot high step that is hard for Plaintiff to step up and down on a wet floor and the lack of

balance due to Plaintiff's physical disabilities. Montgomery County Jail does not have any hand rails for Plaintiff to hold on to, causing a safety risk of falling due to Plaintiff disability conditions. (See Bradley v. Puckett 157 F. 3d 1022, 1025 5th Cir 1998 Two-month denial of shower resulting from denial of shower chair to disabled prisoner stated an Eight Amendment claim) September 20, 2020 Montgomery County Jail Officer Rose took Plaintiff's walker and fracture foot boot upon a shakedown harassing C-1-B in Montgomery County Jail. Plaintiff wrote a grievance for not having proper cleaning supplies, soap, and no social distancing due to the spread of Covid -19 in Montgomery County Jail (failure to protect) and it was mentioned to the dorm by Officer Rose this was the only dorm that has written any grievances. Plaintiff wrote a grievance on Officer Rose for taking Plaintiff walker and fracture foot boot on or around October 2, 2020. Plaintiff that night explained to nurse Ms. Monica that Officer Rose took Plaintiff's walker and fracture foot boot that is when the nurse explained to Plaintiff that is a "Medical Order" and Officer Rose cannot take Plaintiff's walker nor Plaintiff's fracture foot boot. The nurse Ms. Monica found the walker and returned the walker to Plaintiff. However, Ms. Monica could not find Plaintiff's fracture foot boot.

The next morning Officer Rose came back when Plaintiff was asleep and took Plaintiff walker again. Montgomery County Jail Officers are claiming the walker was broken when Plaintiff wrote the grievance this is not true due to the facts if the walker was broken then nurse Mrs. Monica would not have given Plaintiff the walker. The walker was not broken when the nurse returned Plaintiff's walker and it was not broken when Office Rose took Plaintiff's walker when Plaintiff was sleeping. This is Official Oppression to a serous medical need and human need that Plaintiff is deprived of and did not get the walker back until November 17, 2020. (See Young v. Harris 509 F Supp. 1111, 1113-14 S.D.N.Y. 1931 Failure to provide prescribed leg brace stated an Eighth Amendment Claim)

Page 3

On or around November 25, 2020 Plaintiff slipped and fell in the shower and had to go to Medical for treatment. Plaintiff should have been moved into Montgomery County jail's Medical POD. Plaintiff was denied being placed in the Medical POD and was sent back to his cell with inmates without any type of disabilities. Plaintiff being denied the use of a Handicap Shower with the physical disabilities that Plaintiff has presented is cruel and unusual punishment that violates Plaintiff's Constitution. Plaintiff should be allowed the use of the Handicap Shower rather if Plaintiff is in the Medical POD or not. On January 12, 2021 Plaintiff went to see Dr. Westmoreland who prescribed Plaintiff another fracture foot boot. Montgomery County Jail MD did not give the fracture foot boot to Plaintiff until March 1, 2021. Plaintiff was moved to B-2 where Plaintiff is forced to set for hours on a cold hard metal stool that will cause Plaintiff severe pain and suffering. Montgomery County Jail will only give Plaintiff Tylenol and Ibuprofen for pain. Instead of Plaintiff getting better and able to heal Plaintiff is getting worse and is suffering daily. Plaintiff has attached the medical records of the date of the accident 2-29, 2020 through March 1, 2020 Marked as Exhibits # 1 – 25. Upon request Plaintiff will be glad to submit a CD photo of the CT Scans and MRI's that were preformed by the doctors. Plaintiff is unable to attach any photos as the Montgomery County Jail Officers has denied Plaintiff to take photos of the physical disabilities. Plaintiff has also filed grievances regarding these issues. Plaintiff has attached copies of the grievances Marked as Exhibits A – I Montgomery County Jail Officers can see Plaintiff has physical disabilities. Montgomery County Jail Officers can see Plaintiff physical disabilities and for Montgomery County Jail Officers to continue to deny Plaintiff the rights according to the American Disability Acts, Constitution Acts, and Civil Rights Act towards a pretrial detainee's medial needs is also abuse of official capacity 3902 of Texas Penal Code.

**CONSTITUTIONAL PROTECTIONS** – under the Eighth Amendment Prisons Officials must meet the medical needs of prisoners with disabilities and furnish the assistance they require in order to live a minimally decent life as one court put it. *"(The prison authorities must take the prisoner as they find him and provide facilities compatible with his physical condition that meet civilized standard of decency")*
In determining weather a prisoner has a serious medical need, courts consider weather his/her medical condition causes disability or interferes with daily activities. A number of decisions have disapproved the denial of physical therapy to those who require it. Prisoners who cannot walk are entitled to necessary prostheses, wheelchair, or other mobility aids and to be protected from conditions that are unsafe in light of their physical condition. Prisons and jails are subject to a limited Eighth Amendment obligation to make facilities accessible to inmates with impaired mobility, courts have held that the failure to accommodate other disabilities raises Eight Amendment or other Constitutional issues as well. Mistreatment of disabled prisoners may also constitute as negligence. (Discrimination against prisoners with disabilities may not be denied equal protection of the law.) Claims under theses statues and in some cases granted significant relief, in cases involving prisoners with hearing impairments, visual impairments, mobility impairments, mental illness, arm and shoulder impairments disabilities an other disabilities wish to turn to an examination of appropriate constitutional standard.
Plaintiff is a pretrial detainee in the Montgomery County Jail in Conroe Texas.
In the 8th Circuit Court 2000 case of Wilson v Spain 209 F3d 713 715 and n2 it is clear that the state may not punish a pretrial detainee. Pretrial detainees right to medical care is protected by the Due Process Clause rather than the Eight Amendment but most courts have simply applied the same Eight Amendment deliberate indifference standard under the Due Process Clause. Prison Officials at State and Federal Facilities must provide

reasonable accommodations for prisoners with disabilities see (Pennsylvania Department Corrections v Peslney U.S. Sup Ct. 1998) Also Curry v Kerik 163 Supp 2d 232 237 S.D.N.Y, 2001) supported deliberate indifference under the Due Process Standard, however, the issue is whether plaintiff was deprived of life or liberty without Due Process of Law. There are "Three Kinds of 1983 Clams that can be brought against (Officials acting under Color of State Law) Under Due Process Clause of the Fourteenth Amendment (Zimmerman v. Burch – U.S. – 110S. C.T. 975,983,108 Led. 2d 100 (1990). The clause incorporates many of the specific protections defined in the Bill of Rights to, e.g. The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. See Daniels v Williams, 474 U.S. 327,331,106,S. ct. 662,664, 88 L Ed.. 2d (1986) The Due Process Clause also encompasses a third type of protection a guarantee of fair procedure. A 1983 action may be brought for a violation of a procedural due process procedural due process claims, the deprivation by state action of constitutionally protected interest in life, liberty, or property is not in itself unconstitutional. What is unconstitutional is the deprivations of such interest without Due Process of Law. (City of Revere v Massachusetts General Hospital, 463 U.S. 239, 244, 103.S. 2979, 2983, 77 L Ed. 2d 605 (1983) Suggested that pretrial detainee has a substantive Due Process, right to medical care while in pretrial detention.

### PLAINTIFF'S WITNESS TO BE SUBPOENAED

Montgomery County Jail Nurse Mrs. Monica

Dr. Ather Siddigi prescribed the walker and fracture foot boot

Dr. Westmoreland Montgomery County Jail January 12, 2021

Dr. Timothy Michael Hodges Admitting Doctor on 2/29/2020

## PRAYER FOR RELIEF

Plaintiff requests actual and consequential damages in an amount above the minimum jurisdictional limits of this court, to be determined by this Court. Plaintiff further seeks all relief at law or equity to which Plaintiff is justly entitled.

March 23, 2021

Respectfully submitted

*signature*

Michael William Davis Jr. Pro se
*B2* Cell H Inma*te* # 9565
Montgomery County Jail
1 Criminal Justice Drive
Conroe, Texas 77301